1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                         **DISTRICT OF NEVADA**

8   WILLIE WILLIAMS,                    Case No.: 2:23-cv-01090-GMN-DJA

9          Petitioner                 **Order Denying Application to Proceed**
                                      ***In Forma Pauperis*, Directing Service**
10  v.                                 **of Petition, and Denying Motion for**
                                            **Appointment of Counsel**
11  BRIAN WILLIAMS, *et al*.,

12         Respondents.

13        Willie Williams has submitted a *pro se* petition for a writ of habeas corpus

14  pursuant to 28 U.S.C. § 2254 challenging his second-degree murder conviction in the

15  Eighth Judicial District Court (Clark County). (ECF No. 1-1.)  He has paid the filing fee;

16  therefore, his application to proceed *in forma pauperis* is denied as moot. (ECF No. 1.)

17  The court has conducted a preliminary review of the petition under Rule 4 of the Rules

18  Governing Section 2254 Cases in the United States District Courts and directs that it be

19  served on respondents.

20        A petition for federal habeas corpus should include all claims for relief of which

21  petitioner is aware. If petitioner fails to include such a claim in his petition, he may be

22  forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C.

23  §2244(b) (successive petitions).  If petitioner is aware of any claim not included in his

petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Williams has also submitted a motion for appointment of counsel. (ECF No. 1-2.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).  An indigent petitioner may request appointed counsel to pursue habeas relief. 18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require").  However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).  Here, Williams sets forth five claims of ineffective assistance of counsel and one claim under *Brady v. Maryland*, 373 U.S. 83 (1963). The petition presents his claim in a reasonably clear manner, and the legal issues do not appear to be particularly complex. Therefore, the court denies the motion.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED** as moot.

IT IS FURTHER ORDERED that the Clerk of Court detach, file, and electronically SERVE the petition (ECF No. 1-1,) on respondents.

IT IS FURTHER ORDERED that the Clerk **add** Aaron D. Ford, Nevada Attorney General, as counsel for respondents and provide respondents an electronic copy of all

items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

IT IS FURTHER ORDERED that the Clerk detach and file petitioner's motion for appointment of counsel (ECF No. 1-2).

IT IS FURTHER ORDERED that the motion for counsel is **DENIED**.

IT IS FURTHER ORDERED that respondents file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural

defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number of the exhibit in the attachment. Each exhibit must be filed as a separate attachment.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court.  Courtesy copies shall be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label.  **No further courtesy copies are required unless and until requested by the court**.

DATED: 16 August 2023.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4