# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE WILLIAMS,<br><br>    Petitioner<br><br>v.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>    Respondents | Case No.: 2:23-cv-01090-GMN-DJA<br><br>**Order Granting Motion to Dismiss**<br><br>(ECF No. 23) |

*Pro se* 28 U.S.C. § 2254 Habeas Corpus Petitioner Willie Williams challenges his conviction by a jury of counts including Second Degree Murder. (ECF No. 5.) He argues that his trial counsel was ineffective and that the State failed to disclose exculpatory evidence. (*Id.*) Respondents move to dismiss the Petition on the basis that it is untimely and/or because most grounds are unexhausted/procedurally defaulted. (ECF No. 23.) Because the Petition was filed outside of the federal statute of limitations, it is dismissed as untimely.

    **I.**    **Background**

In April 2019, in Eighth Judicial District Court (Clark County), Nevada, a jury convicted Williams of Count 1 Second Degree Murder with Use of a Deadly Weapon

and Count 2 Ownership or Possession of a Firearm by a Prohibited Person. (Exh. 29.)[1]
The case stemmed from an August 2018 fatal shooting in the parking lot of a Las Vegas apartment complex. (*See* Exh. 20 at 85-92.) The state district court sentenced Williams on Count 1 to a term of 10 years to life, with a consecutive term of 8 to 20 years for the deadly weapon enhancement; and on Count 2 to 28 to 72 months, concurrent with Count 1. (Exh. 38.) Judgment of Conviction was entered on August 29, 2019. (Exh. 39.) The Nevada Court of Appeals affirmed Williams' conviction in July 2020 and affirmed the denial of his state postconviction habeas petition in June 2022. (Exhs. 55, 95.)

Williams dispatched his federal Habeas Corpus Petition for mailing about July 13, 2023. (ECF No. 5.) He raised five grounds of ineffective assistance of trial and appellate counsel in violation of his Fifth, Sixth, and Fourteenth Amendment rights and one ground of violation of his Fourteenth Amendment due process rights (ground 5):

> Ground 1: Trial counsel failed to investigate and properly cross-examine key eyewitness Shawana Johnson.
>
> Ground 2: Trial counsel failed to investigate and present exculpatory evidence.
>
> Ground 3: Trial counsel failed to investigate alternative suspects.
>
> Ground 4: Trial counsel failed to object to prosecutorial misconduct.
>
> Ground 5: The State failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).
>
> Ground 6: Appellate counsel was ineffective for only raising one issue on appeal and failing to properly brief the issue.

(ECF No. 5 at 3-27.)

---

[1] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 23, and are found at ECF Nos. 15-18, 20-21.

2

Respondents now move to dismiss the Petition as untimely; alternatively, they argue that five of the six grounds are unexhausted and/or procedurally barred. (ECF No. 23.)  Williams did not respond to the motion.

## II. Legal Standards & Analysis
### a. Timeliness  -- AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d).  The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).  "[T]he process of direct review . . . includes the right to petition [the United States Supreme Court] for a writ of certiorari." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). The one-year period of limitations begins to run when the Supreme Court affirms a conviction on the merits, denies a petition for a writ of certiorari, or the 90 days expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

The period is not tolled until an "application for State post-conviction or other collateral review" is properly filed with the state court clerk and the period continues to toll while the application remains "pending." *See* 28 U.S.C. § 2244(d)(2); *Orpiada v. McDaniel*, 750 F.3d 1086, 1087 (9th Cir. 2014).  The prison mailbox rule does not apply to that application for collateral review. *Orpiada*, 750 F.3d at 1087.  If an application for collateral review tolls the one-year period of limitations, the application remains pending "until the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).  "28 U.S.C. § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."

3

*Lawrence v. Florida*, 549 U.S. 327, 332 (2007). "[A] pro se petitioner's [federal habeas] petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk." *Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001). "[Section] 2244(d)(2) does not toll the limitation period during the pendency of a federal habeas petition." *Duncan*, 533 U.S. at 181.

### b. Williams' Federal Petition is Untimely

Here, Williams' 90 days to file a cert petition with the U.S. Supreme Court began to run on July 23, 2020, the date the Court of Appeals affirmed his conviction, and expired on October 21, 2020. (*See* Exh. 55.) The AEDPA statute of limitations thus began to run on October 21, 2020. Williams filed his state postconviction habeas corpus petition 76 days later on January 5, 2021. (Exh. 60.) Remittitur issued on the Nevada Court of Appeals' affirmance of the denial of the state petition on July 25, 2022, so the limitations period resumed running the next day. (*See* Exh. 96.) The one-year statute of limitations expired on May 11, 2023.

Williams' federal Habeas Corpus Petition was received and docketed as an attachment by this Court on July 13, 2023. (ECF No. 1.) On the Court's form Petition, Williams did not fill in "Date you are mailing (or handling to correctional officer) this petition to the Court" (*See* ECF No. 5 at 29.) Directly below that on the form, he signed the Petition and printed his name. He left the date line under his signature blank. Williams signed under the "Declaration of Perjury," and dated it April 12, 2023. But there is no evidence whatsoever that Williams dispatched the Petition for mailing before July

13, 2023. (*See* ECF Nos. 1, 1-1.)[2]  His federal Petition, therefore, is deemed filed on July 13, 2023, 63 days after the expiration of the federal statute of limitations.  The petition is untimely.  Williams did not oppose the Motion to Dismiss his Petition as untimely.[3] The Court thus dismisses the Petition as untimely.

### c. Motion to Seal

Finally, Respondents have filed a Motion for Leave to File Exhibit *In Camera* and Under Seal. (ECF No. 19.)  While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).  In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Respondents ask to file Williams' Presentence Investigation Report ("PSI") *in camera* and under seal because it is confidential under state law and contains sensitive information. (ECF No. 30.)  The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file it under seal. However, the PSI does not appear to include information that is so sensitive that it would warrant *in*

---

[2] Respondents requested legal mail logs from High Desert State Prison from April 1, 2023 through July 31, 2023. (*See* ECF No. 23 at 5 n.9; Exh. 98.)  The log reflects that during that time period Williams mailed one document to Eighth Judicial District Court.

[3] The Motion to Dismiss was served on Williams at his address of record. (*See* ECF No. 23.) The Court notes that the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to granting the motion. LR 7-2(d).

*camera* filing. Accordingly, the Motion is granted in part, and the exhibit will remain under seal.

### III.     Certificate of Appealability

This is a final order adverse to Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the Petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in concluding that Williams' Petition is untimely, the Court finds that the ruling does not meet the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its resolution of Williams' Petition.

### IV. Conclusion

It is therefore ordered that Respondents' Motion to Dismiss **(ECF No. 23) is GRANTED**. The Petition **(ECF No. 5) is DISMISSED** as time-barred.

It is further ordered that a certificate of appealability will not issue.

It is further ordered that Respondents' Motion for Leave to File Exhibit Under Seal and *In Camera* **(ECF No. 19) is GRANTED in part and DENIED in part**. The exhibit will remain under seal.

The Clerk of Court is directed to enter Judgment accordingly and close this case.

Dated: August 14, 2024

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE